**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SCOTT CHEESMAN,**<br><br>     Plaintiff,<br><br>vs.<br><br>**ANA RECOVERY, LLC, and PATRICK AIKEN, Individually,**<br><br>     Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff SCOTT CHEESMAN ("Cheesman" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants ANA RECOVERY, LLC, and all other affiliated entities and/or joint employers ("ANA" or Defendant) and PATRICK AIKEN, Individually, (collectively "ANA Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in approximately November, 2016, and continuing until approximately mid-

1

March, 2018, plus an additional week worked from in or about November 13, 2018, through in or about November 21, 2018, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, wages, liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt tow driver duties for the Defendants based from their headquarters in Somers Point, Atlantic County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage an automotive towing service, roadside assistance and heavy truck

towing service based from their headquarters in Somers Point, New Jersey, and from a second location in Egg Harbor Township, New Jersey, this business which purchases goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Plaintiff Cheesman is an adult individual who is a resident of Middle Township, New Jersey.

11. Plaintiff Cheesman was employed by Defendants full time as a tow driver/operator performing duties in furtherance of Defendants' towing business, from in or about approximately November, 2016, and continuing until approximately mid-March, 2018, plus an additional week worked from in or about November 13, 2018, through in or about November 21, 2018.

**Corporate Defendants**

12. ANA Recovery, LLC, is a New Jersey limited liability company with its business address listed as 3121-D Fire Road, Ste. 184, Egg Harbor Township, New Jersey, 08234.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendants**

14. Upon information and belief, Individual Defendant Patrick Aiken is a New Jersey state

resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Patrick Aiken has been an owner, partner, officer and/or manager of the Defendant ANA.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Patrick Aiken has had power over personnel decisions at the Defendant ANA's business.

17. Defendant Patrick Aiken was regularly present at Defendants' Somers Point, NJ. location and managed the day to day operations, controlled the employee pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

19. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

21. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

22. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' straight time wages at the proper rate of pay for all time worked to 40 hours in any given week and by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half

times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

24. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

25. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' restaurant.

26. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

FACTS

27. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately November, 2016, and continuing until approximately mid-March, 2018, plus an additional week from in or about November 13, 2018, through in or about November 21, 2018, Defendants employed the Plaintiff and members of the putative class to perform tasks in furtherance of their towing business, including but not limited to, driving tow trucks and performing tow services, roadside assistance and heavy truck towing services.

28. Based upon the information preliminarily available, and subject to discovery,

5

Defendants did not properly compensate Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

29. Defendants refused to pay Plaintiff and similarly situated employees' overtime for the hours that they worked in a work week in excess of forty (40) hours.

30. Plaintiff Cheesman was generally paid the same amount each week, but that amount varied; nonetheless, Plaintiff earned approximately $660.00 per week.

31. Plaintiff Cheesman routinely worked six (6) days per week.

32. Plaintiff Cheesman worked conservatively approximately ninety (90) hours per workweek, which did not include his 24 hour a day, 6 day a week on call time.

33. Plaintiff rarely, if ever, worked less than forty (40) hours in a workweek.

34. Regardless of the number of hours that Plaintiff worked each week, Defendants generally improperly paid him the same amount, which included some tips from customers, approximately $660.00 per week.

35. Plaintiff was not paid time and one half for his hours worked over forty (40) in a workweek.

36. Upon information and belief, employees similarly situated to Plaintiff were also only compensated for forty (40) hours per week, regardless of the number of hours that they worked each and every workweek.

37. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

38. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

39. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty(40) within a work week.

## COUNT I
## RECOVERY OF MINIMUM WAGE
## PURSUANT TO THE FLSA

40. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

41. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and similarly situated employees the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a).

42. Because of Defendants' willful violation of FLSA, Plaintiff and similarly situated employees are entitled to recover from Defendants, their unpaid minimum wages, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGE
## PURSUANT TO THE NJWHL

43. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

44. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and similarly situated employees the applicable minimum hourly wage in violation of NJWHL34:11-56a et seq.

45. Because of Defendants' willful violation of NJWHL, Plaintiff and similarly situated employees are entitled to recover from Defendants their unpaid minimum wages as well as reasonable attorneys' fees and costs of the action, and any and all other damages to be determined at trial.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

46. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

47. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

48. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

49. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

50. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

51. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT IV
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

53. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

54. Defendants' aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

55. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

56. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, unpaid wages, interest, attorneys' fees and costs as permitted under the NJWHL;

(3) on their third cause of action, in an amount to be determined at trial, plus liquidated

damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs; and

(4) on their foruth cause of action, against Defendants in an amount to be determined at trial, unpaid wages, interest, attorneys' fees and costs as permitted under the NJWHL.


Dated: December 17, 2018  Respectfully submitted,

 /s/ Andrew I. Glenn
Andrew I. Glenn
Email: Aglenn@jaffeglenn.com New Jersey Bar No.: 026491992
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308